|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   |                                                                      |
| 2   |                                                                      |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

        Plaintiff,

v.

DANIEL WHITE, *et al.*,

        Defendant.

CASE NO. 3:20-cv-05110-BHS-JRC

ORDER TO SHOW CAUSE OR
PAY FILING FEE

    The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge, as authorized by 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

    Plaintiff seeks leave to proceed *in forma pauperis* in this matter. *See* Dkt. 4. He asserts claims for violation of the Eighth Amendment against three prison staff and officials on the basis of an incident in which a nurse allegedly failed to send plaintiff to a hospital when he suffered severe chest pain and breathing problems and an incident a few days later, when a corrections

///

officer allegedly physically injured him. *See* Dkt. 1-1, at 5, 7. Plaintiff alleges that he suffers "succumbed prolonged spells of depression," "prevailing and deep-seated anxiety over his future and current conditions, and inability to defend himself within the hostile prison environment[.]" Dkt. 1-1, at 6.

Under a portion of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."

A review of court records shows that at least three of the cases that plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim. The Court takes judicial notice of a prior matter that plaintiff brought in this District, *Thibodeaux v. White et al.*, in which the District Court found that plaintiff had three prior strikes. *See* Dkts. 16, 18, No. 3:19-cv-05134-RBL (*Thibodeaux I*). The Report and Recommendation in that matter found—

> [w]hile incarcerated Plaintiff brought at least three actions which were frivolous, malicious, or failed to state a claim. *See* Dkt. 14 (finding the following three strikes: *Thibodeaux v. Villanueva* (Case No. 3:01-CV-1062-HU, D. Or., April 12, 2002), *Thibodeaux v. Hill* (Case No. 3:03-CV-1121-HA, D. Or., Feb. 13, 2004), *Thibodeaux v. Phillip Morris Incorporated* (Case No. 6:06-CV-6185-HO, D. Or., Aug. 28, 2006)). Therefore, Plaintiff has incurred three strikes and is barred from proceeding IFP in this action unless he can show he is exempt from the three strikes rule because he is under imminent danger of serious physical injury. *See Thibodeaux v. Belleque*, Case No. 3:07-cv-6070-MO (finding Plaintiff has incurred three strikes).

Dkt. 16, at 7–8, *Thibodeaux I*; *see also* Dkt. 18, *Thibodeaux I* (adopting the Report and Recommendation).

Regarding the imminent danger exception, plaintiff acknowledges his prior strikes but

///

alleges that the events at issue caused "plaintiff sustained injury of a mild heart attack" so that he meets the exception. *See* Dkt. 1-1, at 7. Plaintiff filed his proposed complaint in February 2020 and alleges that the events occurred in December 2018. *See* Dkt. 1-1, at 9.

To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing." *See Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007). A danger can be "ongoing" if the prisoner is not directly exposed to the danger at the precise moment of filing; "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard." *Id.* at 1056–57.

Here, plaintiff has not plausibly alleged imminent danger. Although the events at issue occurred while plaintiff was housed in Shelton, Washington, apparently at the Washington Corrections Center, plaintiff is now incarcerated in Aberdeen, Washington, at the Stafford Creek Corrections Center. *See* Dkt. 1-1, at 20. Plaintiff alleges that at Washington Corrections Center, a nurse intentionally withheld treatment when plaintiff suffered heart failure and that a corrections officer intentionally harmed him. *See* Dkt. 1-1. As plaintiff has been transferred to another institution and alleges intentional harm by particular staff at the prior institution, he has not plausibly alleged ongoing harm. Moreover, although plaintiff alleges ongoing psychological symptoms (Dkt. 1, at 6), this does not show imminent danger of serious "physical" injury. *See* 28 U.S.C. § 1915(g).

Plaintiff shall show cause on or before **March 27, 2020** why his application to proceed *in forma pauperis* should not be denied. In the alternative, plaintiff may pay the $400.00 filing fee for this matter by March 27, 2020. Plaintiff is advised that if he elects to pay the $400.00 filing

///

///

1 | fee and proceed with this action, the Court will address the deficiencies of his complaint in a
2 | separate order.
3 | Dated this 28th day of February, 2020.

J. Richard Creatura
United States Magistrate Judge