UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIS JAMES THIBODEAUX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL WHITE, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 3:20-cv-05110-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED MAY 22, 2020 |

This matter is before the Court on plaintiff's "order to show cause for a[] preliminary injunction & temporary restraining order." Dkt. 10, at 1. The Court interprets plaintiff's motion as one for a preliminary injunction or temporary restraining order. Because plaintiff seeks injunctive relief against individuals not named as defendants in his complaint under 42 U.S.C. § 1983 and because his claims in his motion for injunctive relief are unrelated to his claims for deliberate indifference to his medical needs in his complaint, he has not shown a likelihood of success on the merits. Therefore, his motion for injunctive relief (Dkt. 10) should be denied.

**BACKGROUND**

Plaintiff, who is incarcerated at the Stafford Creek Corrections Center and proceeds *pro se* and *in forma pauperis*, initiated this matter in February 2020. *See* Dkt. 1. The Court has directed service of plaintiff's complaint, although no defendant has yet appeared in this action or filed an answer. *See* Dkt. 12.

Plaintiff's complaint brings claims of deliberate indifference against three DOC employees or officials based on events that allegedly occurred in December 2018, during his incarceration at the Washington Corrections Center ("WCC"). *See* Dkt. 8, at 4–5. Briefly summarized, plaintiff alleges that a WCC nurse ignored that he suffered symptoms of a heart attack and intentionally failed to provide treatment and that a corrections officer used excessive force against him around the same time. *See* Dkt. 8. He also brings claims against the WCC superintendent, although he does not allege any particular facts about the superintendent's involvement. *See* Dkt. 8.

In the instant motion, plaintiff seeks an injunction against individuals not named in his complaint: "Travis Bohon, Corrections Program Manager"; "James Bravos, CSO"; "Dennis Cherry"; "C/O Brown in H4"; "Cus Grubb"; "Sgt. Fenn"; and "Lydal, Medical Department." *See* Dkt. 10, at 1. Although plaintiff's complaint brings claims related to his incarceration at WCC, his motion for injunctive relief pertains to events that he claims occurred at Stafford Creek Corrections Center. *See* Dkt. 10, at 2. He appears to seek relief on the basis that these individuals retaliated against him by removing him from his work assignment and depriving him of his lower custody level. *See* Dkt. 10, at 2, 20. He also appears to assert that these individuals prevented him from going to "Walla Walla Minimum Camp" and harassed him through unspecified actions. *See* Dkt. 10, at 2. In an attachment to his motion, plaintiff grieved a

medical hold placed by the Department of Corrections that prevented him from being a "camp candidate" on the basis of his chronic medical needs. *See* Dkt. 10, at 18.

## DISCUSSION

Plaintiff's motion appears to seek either preliminary injunctive relief or a temporary restraining order prohibiting the named individuals from retaliating against or harassing him and requiring them to replace his work assignment and lower custody level and to transfer him to a work camp. *See* Dkt. 10.

A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits, (2) a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff may also obtain a preliminary injunction by showing "serious questions going to the merits were raised" (a lesser standard than a likelihood of success) and that "the balance of hardships tips *sharply* in [plaintiff's] favor," if the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (2011) (internal quotation omitted and emphasis added).

Generally, the same standard applies to a motion for a temporary restraining order. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A temporary restraining order seeks to preserve the status quo pending a hearing, whereas a preliminary injunction preserves the status quo pending resolution of the litigation. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

1     Although plaintiff must show some likelihood of success on the merits of his claims,
2 plaintiff's requested injunctive relief is unrelated to the allegations of deliberate indifference to
3 his medical needs that form the basis for his complaint. *See* Dkt. 8. Plaintiff cannot show a
4 likelihood of success on the merits—or even serious questions going to the merits—where the
5 relief appropriate if he prevails on the claims in his complaint is unrelated to the claims in his
6 request for injunctive relief. *See also Bell v. Mejia*, 362 F. App'x 626 (9th Cir. 2010) (It is
7 within a district court's discretion to deny a motion for a temporary restraining order against
8 defendants not named in the complaint).

9     The failure to show any particular likelihood of success on the merits is dispositive.
10 However, regarding the public interest and the balance of the equities, the undersigned also
11 briefly notes that plaintiff's arguments about camp placement, custody level, and work
12 assignment involve judgments about day-to-day prison operations in which the Court is loath to
13 interfere. *See Turner v. Safley*, 482 U.S. 78, 84–85 (1987). Further, plaintiff's request to have
14 him placed back on work assignment, returned to his prior custody level, moved to a work camp,
15 and to enjoin unspecified retaliatory and harassing behaviors are the types of requests disfavored
16 as a basis for injunctive relief. *See Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*,
17 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunction, which goes beyond maintaining the
18 status quo, is particularly disfavored); 18 U.S.C. § 3626(a)(2) ("In any civil action with respect
19 to prison conditions, . . . [p]reliminary injunctive relief must be narrowly drawn, extend no
20 further than necessary to correct the harm the court finds requires preliminary relief, and be the
21 least intrusive means necessary to correct that harm.").

22    For these reasons, the Court recommends denying plaintiff's motion for injunctive relief.
23 *See* Dkt. 10.

24

REPORT AND RECOMMENDATION – 2

|   |   |
|---|---|
| 1 | **CONCLUSION** |
| 2 | The District Court should deny plaintiff's motion for injunctive relief. Dkt. 10. |
| 3 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have |
| 4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. |
| 5 | 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* |
| 6 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver |
| 7 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.* |
| 8 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit |
| 9 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22, 2020**, |
| 10 | as noted in the caption. |
| 11 | Dated this 7th day of May, 2020. |

*[Signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION – 2