UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

          Plaintiff,

    v.

DANIEL WHITE *et al*.,

          Defendants.

CASE NO. 3:20-cv-05110-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 5, 2020

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    This matter is before the Court on plaintiff's summary judgment motion, which is ripe for the Court's consideration. *See* Dkt. 9.

    Although Federal Rule of Civil Procedure 56 allows a motion for summary judgment to be filed at the commencement of an action, comments to the rule explain that in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other

REPORT AND RECOMMENDATION - 1

pretrial proceedings have been had.  *See* Fed. R. Civ. P. 56 Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)).

Here, plaintiff filed his summary judgment motion after the Court granted plaintiff's *in forma pauperis* application and before the Court directed service of the complaint.  *See* Dkt. 9. Although the Court has since directed service, no defendant has appeared or waived service of summons, no answer has been filed, and this case is still in its early stages.  *See* Dkt. 12.

In such circumstances, plaintiff's summary judgment motion is premature and should be denied without prejudice.  *See Anderson v. Becerra*, No. 120CV00068DADSABPC, 2020 WL 1788548, at *1 (E.D. Cal. Feb. 6, 2020), *report and recommendation adopted*, No. 120CV00068DADSABPC, 2020 WL 1700399 (E.D. Cal. Apr. 8, 2020) (cataloguing cases). Plaintiff should not file a renewed summary judgment motion in this matter at least until defendants have appeared and the Court has issued its scheduling order for discovery and dispositive motions.

## CONCLUSION

The undersigned recommends that plaintiff's motion for summary judgment (Dkt. 9) be denied without prejudice, which means plaintiff can bring the motion again, once the matter has progressed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2020**,

2  as noted in the caption.

3      Dated this 19th day of May, 2020.

                                          J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3