UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

                    Plaintiff,

          v.

DANIEL WHITE, *et al.*,

                    Defendants.

CASE NO. 3:20-cv-05110-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 21, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A)–(B).  Plaintiff brings suit for deliberate indifference to his medical needs against three Department of Corrections officials and employees, including the superintendent of the prison where he was incarcerated and a nurse at that prison who attended plaintiff when he complained of symptoms of a cardiac event.  The nurse and superintendent have moved to dismiss the claims against them.

Their motion to dismiss should be granted.  Because plaintiff's allegations that the nurse should have ordered diagnostic testing or hospitalization even though plaintiff's vital signs

1    seemed "fine" amount to at most, a difference in medical opinion, his claim against the nurse

2    should be dismissed.  However, the dismissal should be with leave to amend because amendment

3    would not be futile.  The claims against the superintendent should be dismissed without leave to

4    amend because plaintiff does not allege any particular actions that the superintendent took that

5    violated plaintiff's rights and because plaintiff offers no theory other than supervisory liability as

6    the basis for his claims.  The Court also grants defendants' motion to strike inasmuch as they

7    request that the Court decline to consider matters outside the complaint when ruling on the

8    motion to dismiss.

9

10                                              **BACKGROUND**

11          Plaintiff brings claims under § 1983 arising from events that allegedly occurred during

12    his incarceration at Washington Corrections Center.  His claims are against the superintendent

13    (Daniel White), a nurse (Junny Shon (*see* Dkt. 22)), and a corrections officer who does not join

14    in the pending motion to dismiss.  *See* Dkt. 8, at 4–5.

15          On December 26, 2018, plaintiff alleges that he had a medical emergency for severe chest

16    pain and breathing problems and that defendant Shon failed to give him an electrocardiogram

17    ("EKG") or to have him sent to the hospital.  Dkt. 8, at 5.  Plaintiff states that based upon his

18    prior health crises and the chest discomfort he felt, making it hard for him to breath, he knew that

19    he was suffering a cardiac event and asked defendant Shon to give him the EKG.  Dkt. 8, at 7.

20    Plaintiff alleges that defendant Shon did not do so and that two days later, he was rushed to the

21    hospital, where "[t]hey were surprised I was still alive."  Dkt. 8, at 7.

22          Attached to plaintiff's complaint are a variety of documents, including his initial

23    grievance in which he recounts that defendant Shon said everything was "fine" on December 26,

24

2018, (Dkt. 8, at 21) and notes purportedly from a cardiologist that plaintiff's heart issues on

December 28 were caused by strenuous activity and not getting his medications (Dkt. 8, at 28)

and that plaintiff has "severe cardiomyopathy and chronic combined systolic and diastolic heart

failure." Dkt. 8, at 9. The Court may consider these materials as part of the complaint when

ruling on the motion to dismiss. *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236

F.3d 1077, 1083 (9th Cir. 2001).

Defendants Shon and White have moved for dismissal on the basis that plaintiff fails to

state a claim against them. *See* Dkt. 24. Concurrent with their motion, they filed a notice of

dispositive motion informing plaintiff that "[i]f the motion is granted, some or all of your claims

will be dismissed, and there will be no trial or evidentiary hearing on those claims." Dkt. 25, at

1. Plaintiff has filed his response, as well as a memorandum of law and supporting evidence.

*See* Dkts. 28–30. After defendants filed their reply, plaintiff also filed a sur-reply. *See* Dkt. 38.

The matter is now ripe for decision.

## MOTION TO STRIKE

Defendants request that the Court strike all information that was not part of plaintiff's

initial complaint, rather than converting this matter to summary judgment. *See* Dkt. 32, at 1–2.

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal

sufficiency of the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir.

2011). Fed. R Civ. P. 12(d) states—

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
> presented to and not excluded by the court, the motion must be treated as one for
> summary judgment under Rule 56. All parties must be given a reasonable
> opportunity to present all the material that is pertinent to the motion.

1    The Court will consider this motion solely as a motion to dismiss and not convert it to a

2    summary judgment motion. Therefore, it will not look outside the pleadings to test the legal

3    sufficiency of plaintiff's complaint.  The rules regarding dismissal of an action are lenient, and

4    plaintiff need only plead facts "to state a facially plausible claim to relief."   *Salazar*, 646 F.3d at

5    1242.  Therefore, the motion to strike is granted.  Although the Court strikes information outside

6    the pleadings for purposes of considering this motion, plaintiff may, of course, rely on this and

7    any other proper evidence in relation to any future motion for summary judgment that may be

8    brought in this matter.

9         Plaintiff has also filed a 17-page opposition to the motion to dismiss and a 10-page

10   supporting memorandum (Dkts. 28, 29)—documents that collectively exceed the 24-page

11   limitation on responses to motions to dismiss set by Local Civil Rule 7(e)(3).  The Court has

12   considered the entirety of plaintiff's briefing in issuing a report and recommendation on the

13   motion to dismiss and does not find that the arguments in the excessive pages change the

14   outcome.  However, in the future, the Court cautions plaintiff that unless he timely obtains

15   permission to file an over-length brief, the Court will not consider those portions of plaintiff's

16   briefing that exceed applicable page limits.

17        Finally, the Court notes that plaintiff has filed a sur-reply in opposition to defendants'

18   reply brief.  *See* Dkt. 38.  Although the Court will consider plaintiff's sur-reply in connection

19   with the motion to dismiss on this occasion, plaintiff is warned that sur-replies are not allowed as

20   a matter of course.  *See* Local Civil Rule 7(g) (allowing only sur-replies requesting to strike

21   material in a reply brief, if a notice of intent to file a sur-reply is timely filed).  Future improper

22   sur-replies will be stricken from the record.

23

24

REPORT AND RECOMMENDATION - 4

1

2                                    **MOTION TO DISMISS**

3        **I.  Legal Standard**

4            A complaint must contain "a short and plain statement of the claim showing that the

5    pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is

6    and the grounds upon which it rests[.]'"  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

7    U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To survive a motion

8    to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must go beyond "labels

9    and conclusions" and "a formulaic recitation of the elements of a cause of action[.]"  *Twombly*,

10   550 U.S. at 555.  Although "detailed factual allegations" are not necessary, "[f]actual allegations

11   must be enough to raise a right to relief above the speculative level[.]"  *Id.*  "[A] complaint must

12   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

13   face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

14           A court must accept as true all factual allegations—but not legal conclusions—when

15   reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6).  *See Iqbal*, 556

16   U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be

17   supported by factual allegations."  *Id.* at 679.  Thus, when considering a motion to dismiss under

18   Rule 12(b)(6), a court "can choose to begin by identifying pleadings that, because they are no

19   more than [legal] conclusions, are not entitled to the assumption of truth."  *Id.*  Then, "[w]hen

20   there are well-pleaded factual allegations, a court should assume their veracity and then

21   determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "The plausibility

22   standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

23   that a defendant has acted unlawfully."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

24

1   When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

2   and . . . afford the [plaintiff] the benefit of any doubt.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

3   Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).  The

4   claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set

5   of facts in support of his claim which would entitle him to relief.'"  *Wilhelm v. Rotman*, 680 F.3d

6   1113, 1121 (9th Cir. 2012) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)).

7   Nevertheless, this Court will not supply essential elements of the claim that were not initially

8   pled.  *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

9   **II.  Defendant Shon**

10      Plaintiff alleges that Nurse Shon was deliberately indifferent to his medical needs on

11  December 26, 2018, when she allegedly disregarded his complaints that he was suffering cardiac

12  issues and his request for an EKG and failed to have him transported to the hospital.  Dkt. 8, at 5.

13  Defendants assert that because plaintiff alleges that Nurse Shon checked his vital signs and said

14  everything was "fine," her failure to provide an EKG or to have plaintiff hospitalized amounts to,

15  at most, a difference of opinion regarding plaintiff's treatment.  *See* Dkt. 24, at 5.  The Court

16  agrees.

17      "[W]hether an x-ray or additional diagnostic techniques or forms of treatment are

18  indicated is . . . a matter for medical judgment that does not subject a prisoner to cruel and

19  unusual punishment in violation of the Eight Amendment."  *Davis v. Walker*, Case No. 3:14-cv-

20  01297-BAS(NLS), 2016 WL 859974, at *5 (S.D. Cal. Mar. 7, 2016) (quoting *Keller v. Faecher*,

21  44 Fed. App'x 828, 831 (9th Cir. 2002) (internal quotations omitted); *see also* Estelle v. Gamble,

22  429 U.S. 97, 106 (1976) ("[T]he question of whether an X-ray or additional diagnostic

23  techniques or forms of treatment is indicated is a classic example of a matter for medical

24

1    judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel

2    and unusual punishment.").  An "inadvertent [or negligent] failure to provide adequate medical

3    care" alone does not state a claim under § 1983.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

4    2006) (citing *Estelle*, 429 U.S at 105).

5           Other courts in this circuit, applying *Estelle v. Gamble*, have dismissed claims similar to

6    those advanced by plaintiff here.  In *Draper v. Rosario*, the Eastern District of California granted

7    a motion to dismiss a claim of medical deliberate indifference against a technician who refused

8    to x-ray a plaintiff's hand after a corrections officer allegedly attempted to break it.  *See* No. CIV

9    S-10-0032 KJM, 2012 WL 787576, at *6 (E.D. Cal. Mar. 9, 2012) ("However, the allegation that

10   [defendant] decided not to take X-rays does not show that the medical care provided was

11   unacceptable or chosen in a conscious disregard to plaintiff's health."), *report and*

12   *recommendation adopted*, No. CIV S-10-0032 KJM, 2012 WL 1130683 (E.D. Cal. Mar. 30,

13   2012), *aff'd*, 836 F.3d 1072 (9th Cir. 2016).  And in *Goolsby v. Ridge*, the Southern District of

14   California dismissed claims against a doctor for failing to ensure that tests ordered by a county

15   jail doctor were performed.  No. 09CV02654 WQH RBB, 2011 WL 2006303, at *18 (S.D. Cal.

16   May 23, 2011).  There, the complaint failed to provide any allegations tending to show that

17   factors other than defendant's medical judgment influenced the decision not to order the tests.

18   *Id.* at 19.

19          So too, here.  Plaintiff alleges that based on his vital signs, defendant Shon told plaintiff

20   that he was "fine" and refused to order the EKG or send him to the hospital.  Dkt. 8, at 8.    Even

21   if Nurse Shon's judgment, in retrospect, was wrong, it does not amount to an allegation that she

22   was deliberately indifferent. This does not amount to more than a mere difference of opinion

23   about whether a diagnostic test was indicated.  Although certain of the attachments to the

24

1    complaint suggest that plaintiff had not been given his medication and that he had a severe

2    cardiac condition, his claim that defendant Shon was deliberately indifferent nevertheless fails as

3    a matter of law because he alleges that she first checked his vital signs and determined that

4    everything was "fine."

5         Plaintiff primarily relies on *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000),

6    which he cites for the proposition that a prison official acting as a "gatekeeper" who denies a

7    prisoner access to medical care "may be liable for deliberate indifference from denying access to

8    medical care." But defendant Shon was a provider herself, not a prison official acting as a

9    gatekeeper. This principle does not apply here.

10        Plaintiff also relies upon *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976), holding

11   that "a prisoner states a proper cause of action when he alleges that prison authorities have

12   denied reasonable requests for medical treatment in the face of an obvious need for such

13   attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual

14   injury." However, *Westlake* is also factually distinct because it involved a refusal of non-

15   medical staff to provide treatment, in contrast to the erroneous medical judgment alleged here.

16   The Court has reviewed the remainder of plaintiff's authority, which consists of opinions from

17   other circuits that are not binding on this Court, and does not find them to be persuasive authority

18   contradicting the cases applying *Estelle* that are discussed above.

19        In his response to the motion to dismiss, plaintiff raises many new allegations, including

20   that defendant Shon denied him an EKG not because his vitals were "fine" but because the

21   infirmary was closed and because there was no one present to read an EKG. *See* Dkt. 28, at 3;

22   *see also* Dkt. 29. Denial of treatment on the basis of reasons unrelated to sound medical

23   judgment can form the basis of a valid deliberate indifference claim. *See*

24

1   *Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999).  Plaintiff also makes a number of allegations

2   not included in his complaint, such as that he had a history of cardiac issues known to defendant

3   Shon and that defendant Shon violated DOC policy.  *See* Dkt. 28, at 5–7; *see also* Dkt. 29.  As

4   stated above, the Court will not consider these claims because they are outside the boundaries of

5   his complaint, as alleged.  Plaintiff should be granted leave to amend his complaint regarding his

6   claim against defendant Shon because, in light of his arguments about other reasons for denying

7   the EKG, amendment would not be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

8   2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

9   **III.  Defendant White**

10   Plaintiff brings a claim against defendant White; however, defendant White is not

11   referenced in the factual allegations in plaintiff's complaint.  See Dkt. 8.  Defendants request

12   dismissal of defendant White from this action.  Dkt. 24, at 4.

13   In order to state a claim under § 1983, plaintiff must plausibly allege that defendant

14   White "caused" the alleged constitutional deprivation within the meaning of § 1983.  A person

15   deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an

16   affirmative act, participates in another's affirmative act, or omits to perform an act which he is

17   legally required to do that causes the deprivation of which complaint is made.'"  *Preschooler II*

18   *v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).  "Liability under [§] 1983

19   arises only upon a showing of personal participation by the defendant.  A supervisor is only

20   liable for the constitutional violations of . . . subordinates if the supervisor participated in or

21   directed the violations, or knew of the violations and failed to act to prevent them. There is no

22   respondeat superior liability [that is, supervisory liability] under [§] 1983."  *Taylor v. List*, 880

23   F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

24

Plaintiff's complaint, as noted, fails to explain how defendant White, the superintendent of the prison, personally participated in the alleged events at issue. As such, the claims against defendant White should be dismissed.

In his response to the motion to dismiss, plaintiff makes clear that he seeks to hold defendant White liable based on his supervisory role. *See* Dkt. 28, at 1, 15. Plaintiff's arguments do not refer to any particular evidence or allegation that would plausibly support that defendant White in fact knew of the danger and failed to prevent it. Instead, plaintiff speculates that because staff knew of his condition, defendant White must have—or should have—known, as well. *See* Dkt. 28, at 15. These arguments fail to establish more than, at most, a theory of supervisory liability.

Any amendment would be futile since plaintiff continues to assert no more than supervisory liability. Therefore, dismissal of the claims against defendant White should be without leave to amend.

## CONCLUSION

For the reasons set forth above, the Court recommends that the motion to dismiss (Dkt. 24) be granted. Defendant White should be dismissed from this action. Claims against defendant Shon should be dismissed with leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 21,**

**2020,** as noted in the caption.

Dated this 31st day of July, 2020.

J. Richard Creatura
United States Magistrate Judge