UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

    Plaintiff,

v.

DANIEL WHITE, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05110-BHS-JRC

ORDER DENYING MOTION TO AMEND COMPLAINT AND SETTING DEADLINE FOR SECOND AMENDED COMPLAINT

This matter is before the Court on plaintiff's motion to amend his complaint (Dkt. 46) and on the District Court's report and recommendation directing the undersigned to set a deadline for plaintiff to amend his complaint. *See* Dkt. 50. The Court has reviewed plaintiff's proposed amended complaint—Dkt. 46-1—and finds that it does not state a cognizable claim for relief, so that it will not be docketed as the amended complaint in this matter. Plaintiff shall instead file a second amended complaint on or before **October 30, 2020**.

///

///

**BACKGROUND**

Plaintiff (a prisoner) brings suit against defendants Russell Harold, Daniel White, and Junny Shon (prison employees and officials) for alleged deliberate indifference to his medical needs in violation of the Eighth Amendment. *See* Dkt. 8. The Court directed service of plaintiff's complaint (Dkt. 12), and defendants Shon and White filed a motion to dismiss. Dkt. 24.

In the interim between when the undersigned issued a report and recommendation to grant the motion to dismiss and give plaintiff leave to amend his complaint and when the District Court ruled on the report and recommendation, plaintiff filed a motion to amend his complaint. *See* Dkt. 46. Defendants have responded, and the matter is ripe for consideration.

The District Court subsequently adopted the undersigned's report and recommendation to grant the motion to dismiss and to allow plaintiff to amend his complaint. *See* Dkts. 40, 50. Specifically, plaintiff may amend his claims against defendants Shon and White based on his additional allegations about defendant Shon's actions being unrelated to her medical judgment and that defendant White failed to train defendant Shon. *See* Dkt. 48, at 8–9; Dkt. 50, at 2. The District Court directed the undersigned to set a deadline by which plaintiff had to file his amended complaint. *See* Dkt. 50, at 2.

**DISCUSSION**

**I. Plaintiff's Request to File Dkt. 46-1 as Amended Complaint**

    **A.  Legal Principles**

Plaintiff is no longer entitled to amend his complaint as of right and must have the Court's permission to do so. *See* Fed. R. Civ. P. 15(a). Although the Court will "freely" grant

ORDER DENYING MOTION TO AMEND
COMPLAINT AND SETTING DEADLINE FOR
SECOND AMENDED COMPLAINT - 2

1  plaintiff permission to amend his complaint (Fed. R. Civ. P. 15(a)(2)), amendment will not be

2  allowed if it is futile. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

3  "A proposed amended complaint is futile if it would be immediately 'subject to

4  dismissal.'" *Nordycke v. King*, 644 F.3d 776, 788 n.12 (9th Cir.2011) (quoting *Steckman v. Hart*

5  *Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998)), *aff'd on reh'g en banc on other grounds*,

6  681 F.3d 1041 (9th Cir. 2012). "Thus, the 'proper test to be applied when determining the legal

7  sufficiency of a proposed amendment is identical to the one used when considering the

8  sufficiency of a pleading challenged under Rule 12(b)(6).'" *Id.* (internal citation omitted).

9  To satisfy the Rule 12(b)(6) pleading standard, a plaintiff must plead his claim with

10  sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon

11  which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must

12  contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

13  face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court

14  to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted).

16  Moreover, where a new complaint is filed, it completely supersedes prior versions of the

17  complaint. *See Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 n.4 (2009).

18  **B. Plaintiff's Proposed Amended Complaint Would Be Subject to Dismissal**

19  The Court has reviewed plaintiff's proposed amended complaint and finds that if filed, it

20  would be subject to immediate dismissal. Under 42 U.S.C. § 1983, a plaintiff suing defendants

21  in their individual capacities must clearly and specifically explain defendants' particular actions

22  or inactions that form the basis for his claims. *See Preschooler II v. Clark Cty. Sch. Bd. of Trs.,*

23

24

1  479 F.3d 1175, 1183 (9th Cir. 2007) (explaining what is required to show that a defendant "caused" a plaintiff's constitutional deprivation).

Here, however, plaintiff's proposed complaint is framed in terms of legal conclusions and generalities, without specifically and plausibly explaining the underlying actions by defendants that form the basis for his claims. Plaintiff broadly sets forth that he suffers from a heart condition that (according to plaintiff's cardiologist) requires prescription medication and regular examinations and electrocardiograms ("EKGs"). *See* Dkt. 46-1, at 3–8. Plaintiff also asserts that the Department of Corrections and defendant Shon have a general policy of refusing to treat prisoners until they reach an advanced stage of heart disease. Dkt. 46-1, at 5.

Regarding the specific actions underlying his claims, however, plaintiff's proposed amended complaint is threadbare. Plaintiff states that he was not given his medications between December 21 and 28, 2018, but he does not state which defendant is too blame. Dkt. 46-1, at 6. He states that he was not given follow-up care as his cardiologist directed, but he does not explain which defendant denied his requests. Dkt. 46-1, at 7. And he alleges that defendant Shon failed to treat plaintiff, but plaintiff does not provide greater detail than his legal conclusion that she violated his Eighth Amendment rights sometime after December 21, 2018. *See* Dkt. 46-1, at 9–11. Plaintiff alludes to a "dispute" with defendant Shon, but he does not provide enough detail about the dispute to form a plausible basis for his claims. Dkt. 46-1, at 14.

Instead, plaintiff appears to rely on the allegations about the events of December 2018 that he set forth in his first complaint. *See* Dkt. 46-1, at 8 (incorporating by reference paragraphs 1-46 of the prior complaint). However, plaintiff cannot cite to portions of a prior complaint to incorporate those allegations into an amended complaint. Instead, plaintiff must include all of his allegations together in his amended complaint.

1   Finally, the Court notes that plaintiff hardly mentions defendant Harold at all in the
2   proposed amended complaint.  *See* Dkt. 46-1, at 15.  But if plaintiff wishes to maintain a claim
3   against defendant Harold, again, he must re-incorporate his allegations (including the facts
4   giving rise to his claims) against defendant Harold in each version of the complaint.
5   Therefore, because plaintiff's proposed first amended complaint fails to state any
6   cognizable claims, the Court will deny the motion to docket that proposed complaint as the
7   operative complaint in this matter.  Instead, plaintiff must file another proposed amended
8   complaint as set forth in the remainder of this Order.

## II. Amended Complaint Due by October 30, 2020

10  If plaintiff still wishes to pursue his claims, he must file a second amended complaint,
11  which amended complaint will serve as a complete substitute for all other versions of his
12  complaint previously filed in this action.  The amended complaint must include a short, plain
13  statement telling the Court: (1) the constitutional rights plaintiff believes were violated; (2) the
14  name or names of the person or persons who violated the rights; (3) *exactly what each individual*
15  *or entity did or failed to do;* (4) *how the action or inaction of each individual or entity is*
16  *connected to the violation of plaintiff's constitutional rights;* and (5) what specific injury plaintiff
17  suffered because of the individuals' conduct.  *See Rizzo*, 423 U.S. at 371–72, 377.
18  Plaintiff shall present the amended complaint on the form provided by the Court.  The
19  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original
20  and not a copy, it should contain the same case number, and *it may not incorporate any part of*
21  *the original complaint by reference*.  The amended complaint will act as a complete substitute for
22  the original complaint, and not as a supplement.  An amended complaint supersedes the original
23  complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on*

1  *other grounds*, *Lacey*, 693 F.3d 896.  Therefore, the amended complaint must be complete in
2  itself and all facts and causes of action alleged in the original complaint that are not alleged in
3  the amended complaint will be waived.  *Forsyth*, 114 F.3d at 1474.  Like the proposed
4  complaint, the amended complaint will be subject to dismissal if it fails to state any cognizable
5  claim.
6    If plaintiff fails to file an amended complaint by **October 30, 2020**, the undersigned may
7  recommend that this matter be dismissed without prejudice.  The Clerk is directed to send
8  plaintiff a copy of this order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights
9  complaint when the plaintiff is in custody.
10   The Clerk shall also update the docket to reflect that plaintiff's "motion to amend" (Dkt.
11  46) (which is a request to file Dkt. 46-1 as the first amended complaint in this matter) is denied.
12   Dated this 1st day of October, 2020.

                                                     _____
                                                     J. Richard Creatura
                                                     United States Magistrate Judge

ORDER DENYING MOTION TO AMEND
COMPLAINT AND SETTING DEADLINE FOR
SECOND AMENDED COMPLAINT - 6