UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

                Plaintiff,

     v.

DANIEL WHITE, *et al.*,

                Defendants.

CASE NO. 3:20-cv-05110-BHS-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

      This matter is before the Court on plaintiff's second motion for the appointment of counsel to represent him in this civil rights matter.  *See* Dkt. 51.  For the reasons discussed below, the Court denies plaintiff's motion.

## BACKGROUND

      Plaintiff, who is incarcerated, initiated this matter in February 2020.  *See* Dkt. 1.  The Court granted plaintiff permission to proceed *in forma pauperis* and served his complaint.  *See* Dkts. 7, 12.  The Court also denied plaintiff's first motion for appointment of *pro bono* counsel, which plaintiff filed shortly after initiating the case.  Dkt. 31.  The denial was without prejudice.

1    The District Court subsequently granted a motion to dismiss filed by certain defendants,

2    granting plaintiff leave to amend his claims.  Dkt. 50.  On September 29, 2020, plaintiff filed the

3    pending motion for appointment of counsel, and on October 12, 2020, plaintiff filed his amended

4    complaint.  *See* Dkt. 58.

5    Defendants have filed their answer to the amended complaint.  *See* Dkt. 60.  Currently

6    pending is plaintiff's request to file an over-length summary judgment motion as well as his

7    second motion for the appointment of counsel.  *See* Dkt. 61.  The deadline to file dispositive

8    motions is January 6, 2021.  Dkt. 27.

9                                                 **DISCUSSION**

10    Plaintiff requests the appointment of private attorney Don Miller to represent him on the

11    basis that plaintiff cannot afford counsel and that he cannot prosecute the case due to his

12    incarceration and the complexity of the matter.  *See* Dkt. 51, at 1–2.

13    There is no constitutional right to appointed counsel in a § 1983 civil action, and whether

14    to appoint counsel is within this Court's discretion.  *Storseth v. Spellman*, 654 F.2d 1349, 1353

15    (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

16    1995).  Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires

17    "exceptional circumstances."  *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing

18    former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998).  To

19    decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of

20    success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of

21    the complexity of the legal issues involved.'"  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

22    Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these

23    factors is dispositive and both must be viewed together[.]"  *Id.*

24

1    Regarding plaintiff's ability to articulate his claims in light of their complexity, the Court

2    notes that plaintiff's claims are not overly complex.  The operative complaint brings claims

3    against three defendants, related primarily to alleged failure to provide medical care to plaintiff,

4    who suffers from a heart condition.  *See* Dkt. 58.

5    Moreover, plaintiff's actions in this matter to date have shown that he can adequately

6    articulate his claims.  In response to a show-cause order, plaintiff explained why his three prior

7    "strikes" did not prevent him from proceeding *in forma pauperis*.  *See* Dkt. 7, at 1.  And in his

8    objections to a report and recommendation, plaintiff articulated a plausible theory of liability that

9    resulted in the District Court granting plaintiff leave to amend his claim.  *See* Dkt. 50, at 2.

10   Plaintiff has filed many motions, including citations to legal authority and cognizable arguments

11   in support of his claims in this matter.  In short, the Court does not find that plaintiff is unable to

12   articulate his claims *pro se* in light of their complexity, contrary to plaintiff's conclusory

13   assertions that "since COVID-19" his ability to litigate this case has been impeded.

14   Regarding plaintiff's likelihood of success on the merits, the matter is in its early stages.

15   The amended complaint has yet to survive any meaningful adversarial testing.  Plaintiff's claim

16   that he could not litigate his case if it proceeded to trial is, at this stage, not a persuasive reason to

17   appoint counsel.

18   Regarding plaintiff's conclusory statement that he will "soon" be transferred to a facility

19   without law library access, the Court notes that plaintiff acknowledges he will nevertheless be

20   able to order legal materials.  Defendants also assert that plaintiff will have the remedy of a

21   temporary transfer to use another facility's law library.  *See* Dkt. 57.  In light of the speculative

22   nature of plaintiff's claim that he will be transferred and the lack of evidence that such a transfer

23

24

1  would prevent plaintiff from litigating his case, plaintiff has failed to show the extraordinary

2  circumstances required to justify the appointment of pro bono counsel.

3       For all these reasons, the Court denies the motion to appoint counsel (Dkt. 51) without

4  prejudice to plaintiff's ability to renew the motion at a later date, upon an appropriate showing.

5       Dated this 4th day of November, 2020.

6

7

8

9

10                      J. Richard Creatura

                    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24