|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| LOUIS JAMES THIBODEAUX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL WHITE, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 3:20-cv-05110-BHS-JRC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

This matter is before the Court on plaintiff's third motion for the appointment of counsel to represent him in this civil rights matter. *See* Dkt. 81. For the reasons discussed below, the Court denies plaintiff's motion.

**BACKGROUND**

Plaintiff, who is incarcerated, initiated this matter in February 2020. *See* Dkt. 1. The Court granted plaintiff permission to proceed *in forma pauperis* and served his complaint. *See*

1 Dkts. 7, 12. The Court also denied plaintiff's first two motions for appointment of counsel

2 without prejudice. Dkts. 31, 64.

3      The parties have filed cross-motions for summary judgment. *See* Dkts. 66, 67. The

4 undersigned issued a report and recommendation on the parties' cross motions, including

5 recommending that the cross-motions be denied regarding two of plaintiff's claims. Dkt. 86.

6 Currently pending is plaintiff's third motion for appointment of counsel, which plaintiff filed

7 after briefing on the cross-summary judgment motions was complete. *See* Dkt. 81.

8

9                                 **DISCUSSION**

10      Plaintiff requests the appointment of counsel on the basis that he tested positive for

11 COVID-19 on or before January 6, 2021, and could not access the library; that he cannot afford

12 an attorney; and that an attorney could obtain various records for plaintiff. *See* Dkt. 81, at 1–2.

13      There is no constitutional right to appointed counsel in a § 1983 civil action, and whether

14 to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353

15 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

16 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires

17 "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing

18 former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To

19 decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of

20 success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of

21 the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

22 Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these

23 factors is dispositive and both must be viewed together[.]" *Id.*

24

1  Plaintiff has shown some likelihood of success on the merits for at least two of his
2  claims.  In the Report and Recommendation, the undersigned found genuine issues of material
3  fact related to plaintiff's claims against a nurse and corrections officer under 42 U.S.C. § 1983.
4  *See* Dkt. 86.

5  However, the analysis does not end, and the Court does not appoint counsel, simply
6  because there is some likelihood of success on the merits.  *See Wilborn*, 789 F.2d at 1331.  The
7  Court must also look to plaintiff's ability to articulate his claims in light of their complexity.

8  Plaintiff has aptly litigated his claims to date.  He has explained why his three prior
9  strikes did not prevent him from proceeding *in forma pauperis*.  Dkt. 7, at 1.  He has articulated a
10  plausible theory of liability that resulted in the District Court granting plaintiff leave to amend
11  his claim when considering a prior report and recommendation.  *See* Dkt. 50, at 2.  He has filed
12  many motions, including citations to legal authority and cognizable arguments in support of his
13  claims in this matter.  And most recently, plaintiff has successfully argued that the Court should
14  not recommend summary judgment dismissal of two of his claims.  *See* Dkts. 66, 74.  Plaintiff's
15  remaining claims are not unusually complex, and he has shown that he is able to articulate those
16  claims in light of their complexity.

17  Moreover, plaintiff's arguments in his motion to appoint counsel are unpersuasive.  The
18  Court is not convinced that plaintiff's positive COVID-19 diagnosis at some time more than a
19  month ago merits the appointment of counsel now.  Notably, less than a week after filing his
20  most recent motion for appointment of counsel, plaintiff filed a sur-reply related to the cross-
21  summary judgment motions (Dkt. 84), which included case citations and arguments directed
22  toward defendants' briefing.

1    Plaintiff's financial circumstances alone are not exceptional circumstances justifying the
2 appointment of counsel.  Nor is his bare assertion that he needs counsel in order to obtain a video
3 tape and unspecified "other documents."  Dkt. 81, at 2.  Appointment of counsel is not
4 appropriate merely because an attorney would be more adept at managing discovery requests.
5    For all these reasons, the Court denies the motion to appoint counsel (Dkt. 81).  This
6 order is again without prejudice, in the event that circumstances may require the Court to
7 consider a renewed motion in the future.
8    Dated this 17th day of February, 2021.

J. Richard Creatura
United States Magistrate Judge