UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIS JAMES THIBODEAUX,<br><br>              Plaintiff,<br><br>   v.<br><br>DANIEL WHITE, et al.<br><br>             Defendants. | CASE NO. C20-5110 BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 86, and Plaintiff Louis Thibodeaux's objections to the R&R, Dkt. 88.

Thibodeaux, proceeding pro se and *in forma pauperis*, brings suit against Washington Corrections Center Superintendent Daniel White, Corrections Officer Russel Harold, and R.N. Junny Shon (collectively "Defendants") related to their alleged failure to treat an exacerbation of his chronic heart condition. Dkt. 58. He asserts claims for violations of his Eighth Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, violations of Title II of the Americans with Disabilities Act, violations of the Rehabilitation Act, and state law claims. *Id.*

ORDER - 1

1  Thibodeaux alleges that from December 21 to 28, 2018, while in WCC custody, he
2  called a medical emergency because he was suffering from severe chest pain and
3  shortness of breath. He was seen by Defendant Shon, and he alleges that Shon refused to
4  provide him with medication, to treat his chest pain, to call a provider, or to administer an
5  EKG and "simply ignored" his severe chest pains. *Id.* at 22. Thibodeaux further alleges
6  that Defendant Harold repeatedly verbally harassed him and failed to provide access to
7  medical care when he was suffering severe chest pains.
8  In November 2020, Thibodeaux moved for summary judgment. Dkt. 66.
9  Defendants responded and filed a cross-motion for summary judgment. Dkt. 67. On
10 February 4, 2021, Judge Creatura issued the instant R&R, recommending that
11 Thibodeaux's motion be denied and that Defendants' cross-motion be granted in part and
12 denied in part. Dkt. 86. Judge Creatura concluded that there were genuine issues of
13 material fact related to the § 1983 claims against Harold and Shon, which preclude
14 summary judgment, but recommended that all other claims be dismissed with prejudice.
15 On February 17, 2021, Thibodeaux objected, Dkt. 88, and on March 3, 2021, Defendants
16 responded, Dkt. 89.
17 The district judge must determine de novo any part of the magistrate judge's
18 disposition that has been properly objected to. The district judge may accept, reject, or
19 modify the recommended disposition; receive further evidence; or return the matter to the
20 magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).
21 Here, Thibodeaux objects to the R&R's description of events, specifically as they
22 related to his allegations of wheeling himself back to his cell, his Health Services

Request, and his access to medication. Dkt. 88 at 1–2. But as Defendants correctly note, the R&R recommended that summary judgment be denied as to the § 1983 claims against Defendants Shon and Harold because of issues of material fact. *See* Dkt. 89 at 1–2. Thibodeaux's objections as to the evidentiary descriptions do not alter the outcome.

Thibodeaux also objects to the R&R's recommendation that Defendant White be dismissed with prejudice. Dkt. 88 at 1. He asserts that there is sufficient evidence of White's knowledge of his complaints to survive summary judgment. But the Court agrees with the R&R. To maintain a claim under § 1983 against White under a personal participation theory, Thibodeaux must show that White caused or personally participated in causing the deprivation of a constitutional right. *See Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Under a failure to train theory, Thibodeaux must demonstrate that White failed to train his subordinates and that failure amounts to deliberate indifference. *See Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991). The asserted conversation between Thibodeaux and White is insufficient to establish that White caused or personally participated in the deprivation of his Eighth Amendment rights or that White failed to train his subordinates. The R&R correctly concluded that all claims against White should be dismissed with prejudice.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiff Thibodeaux's motion for summary judgment, Dkt. 66, is **DENIED**;

ORDER - 3

1      (3)    Defendants' motion for summary judgment is **GRANTED in part** and

2            **DENIED in part**;

3      (4)    All claims except claims against Defendants Harold and Shun under 42

4            U.S.C. § 1983 are dismissed with prejudice; and

5      (5)    The Clerk shall send copies of this Order to Plaintiff and Magistrate Judge

6            Creatura.

7 Dated this 29th day of March, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge